IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amanda White,                           :
                        Petitioner      :
                                        :
            v.                          :    No. 201 C.D. 2025
                                        :    Submitted: May 12, 2026
Unemployment Compensation               :
Board of Review,                        :
                        Respondent      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED: July 24, 2026


        Amanda White (Claimant), pro se, petitions for review of an Order of the
Unemployment Compensation Board of Review (Board), which affirmed a decision
by a Referee and concluded Claimant was not eligible for benefits pursuant to
Section 402(b) of the Unemployment Compensation Law (UC Law).[1]  Claimant
argues she had a necessitous and compelling reason for voluntarily quitting her
employment.  However, the Board determined that because Claimant did not make
a reasonable effort to preserve her employment, benefits should be denied.  Because
Claimant resigned after a short period of time and without attempting her employer's
proposed solution, we affirm.

_____

        [1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§ 802(b).

## I. BACKGROUND

On March 25, 2024, Claimant began work at Kennie's Market (Employer) as a Bakery Manager. (Certified Record (C.R.) at 180.) However, that same day, Claimant informed the Store Manager that she would need to terminate her employment. (*Id.*) The service center issued a determination denying benefits and stating, "[y]ou voluntarily quit your job due to a health issue. You did not inform your employer of your work limitations." (*Id.* at 69.)[2] Claimant appealed the determination and a telephone hearing was scheduled before a Referee. (*Id.* at 175.)

Claimant testified as follows. Claimant previously worked at Employer for a period of approximately six years, spanning from September 2014 to March 2021. (*Id.* at 181-82.) Claimant reapplied to Employer and attended an interview at which the Bakery Manager position was discussed. (*Id.* at 183-84.) She was scheduled to report to work as Bakery Manager at Employer's Spring Grove location at 8:00 a.m. on March 25, 2024. (*Id.* at 180-81.) Claimant showed up at her assigned time to complete an orientation for Employer. (*Id.* at 181.) Claimant did not dispute that she voluntarily quit working at Employer that day. (*Id.* at 180.) Claimant quit "due to [her] mental health and anxiety." (*Id.*) She stated that being back in her previous work environment was "triggering," because of the alleged "trauma" she endured during her last employment period. (*Id.* at 184-86.) Before leaving, Claimant "[went] to the store manager and ma[d]e him aware that [she] would not be able to complete [her] workday and that [she] would not be able to work for the company." (*Id.* at 181).

---

[2] Upon her resignation, Claimant filed for unemployment benefits and was first denied by the service center after a determination that she was not able and available to work due to illness, injury or disability. (*Id.* at 54.) This determination is not the subject of this appeal.

Nathaniel Brusby (Brusby), Human Resources (HR)/Operations Manager, testified on behalf of Employer that Claimant voluntarily quit the new position before orientation was even completed. (*Id.* at 180.) Brusby contacted Claimant "to see what was going on and see what [Employer] could do to rectify." (*Id.* at 181.) Claimant testified that on the phone, Brusby offered to switch her position if it was the Bakery Manager role causing the anxiety; however, Claimant declined his offer explaining it was not the position but rather the "negative work environment and the negativity that [she] had gotten as soon as [she] got to the bakery" that led her to voluntarily quit. (*Id.* at 182.) Brusby also texted Claimant the next day, offering multiple different positions, to which Claimant did not respond. (*Id.*)

At the hearing, Claimant and Brusby had contradicting testimonies regarding the time Claimant quit. Employer stated that Claimant left just five minutes after she arrived, but Claimant testified that she stayed for approximately two hours. (*Id.* at 181, 183.) Regardless of the actual time that Claimant worked for Employer, she was not paid for the time worked. (Board's Findings of Fact (FOF) ¶ 4; C.R. at 192.)[3]

From the testimony, the Referee made the following relevant Findings of Fact:

2. [] [C]laimant accepted a position with [Employer] to begin March 25, 2024[,] as a full-time bakery manager . . . .

3. [] [C]laimant arrived to work . . . on March 25, 2024[,] and a short time later resigned her position effective immediately.

4. There is a discrepancy as to wh[en] [] [C]laimant left the employment . . .; regardless, [] [C]laimant was not paid for time prior to her resignation.

---

[3] As discussed below, the Board adopted and incorporated the Referee's Findings of Fact. (C.R. at 216.)

(FOF ¶¶ 2-4.)  Based on these findings, the Referee held as follows:

> [C]laimant did not make a good faith effort to remain employed by giving [] [E]mployer a sufficient opportunity to resolve any issues [] [C]laimant had with her employment or the ability to make any accommodations to her work schedule.  As such, the Referee cannot find that [] [C]laimant has established a necessitous and compelling reason for leaving employment at the time [] [Claimant did or that [] [C]laimant acted with ordinary common sense and made a good faith effort to preserve the employment.  Accordingly, benefits must be denied under Section 402(b) of the [] UC Law.

(Referee's Decision at 2.)

Claimant appealed the Referee's decision to the Board, arguing that she never technically worked at Employer because she was not paid and never completed orientation.  (C.R. at 206.)  However, the Board found the Referee's decision proper, incorporated the Referee's findings and conclusions, and reasoned "[C]laimant complained about 'negativity' and 'the environment not fun to work for.'  Working less than half a day before quitting was not a reasonable effort to preserve the employment."  (Board's Order at 1.)

## II.    DISCUSSION[4]

Claimant makes three separate arguments.[5]  She first argues the Board wrongfully denied her benefits because "no substantial evidence supports a finding that [she] voluntarily quit employment . . . ."  (Claimant's Brief (Br.) at 7-9.)  She next argues the Board erred in relying on hearsay and Employer's contradictory testimony.  (*Id.* at 8-9.)  Lastly, Claimant argues that even if she did voluntarily quit,

---

[4] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated.  Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

[5] The only issue on appeal here is whether Claimant had a necessitous and compelling reason for quitting.

4

she had a necessitous and compelling reason because she was assigned to the wrong store, received zero training or orientation, worked in an unsafe, unsupported environment, suffered a severe mental health reaction, and notified both the store manager and HR the same day. (*Id.* at 9-10.) According to Claimant, her mental health was previously disclosed to Employer. (*Id.* at 10.)

In response, the Board argues that Claimant failed to show a necessitous and compelling reason because she did not take the proper steps to preserve her employment as she failed to notify Employer of her issues before quitting. (Board's Br. at 5-10.) The Board further argues that Claimant citing health problems as proper necessitous and compelling cause is unavailing because she failed to notify Employer of these problems before starting, did not seek accommodation, and did not accept Employer's offer of another position. (*Id.* at 7-10.)

Section 402(b) of the UC Law states, "[a]n employe shall be ineligible for compensation for any week . . . [i]n which [the employe's] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. § 802(b). The burden of proof is on the Claimant. *PECO Energy Co. v. Unemployment Comp. Bd. of Rev.*, 682 A.2d 58, 61 (Pa. Cmwlth. 1996). To prove a necessitous and compelling reason, a claimant must show that: (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve their employment. *Fitzgerald v. Unemployment Comp. Bd. of Rev.*, 714 A.2d 1126, 1129 (Pa. Cmwlth. 1998.)

A claimant who voluntarily quits their employment must establish that they made a reasonable effort to preserve their employment. *See Hohl v. Unemployment*

*Comp. Bd. of Rev.*, 261 A.3d 622, 627 (Pa. Cmwlth. 2021) (citing *PECO Energy Co.*, 682 A.2d at 61) ("Where the claimant has failed to take all necessary and reasonable steps to preserve the employment relationship, [the claimant] cannot demonstrate a necessitous and compelling reason for leaving [the] job and is ineligible for benefits."). For example, in *Kuncz v. Unemployment Compensation Board of Review,* 429 A.2d 1249, 1250 (Pa. Cmwlth. 1981), this Court held a claimant did not take all reasonable and necessary steps to preserve his employment when he quit after just one day, despite giving his employer notice of his limitation. Before quitting, he was offered a several-week period to become accustomed to the position, which he declined. *Id.* The claimant was denied benefits by a service center and appealed to a referee who affirmed the decision, reasoning that a one-day effort was not a sufficient period of time for an attempt. *Id.* The Board and this Court affirmed. *Id.*

Here, the Board affirmed the Referee's decision and denied Claimant benefits pursuant to Section 402(b) of the UC Law. The Referee reasoned that Claimant did not make a good faith effort to remain employed by giving Employer sufficient opportunity to make any accommodations to her work schedule. The Board affirmed this decision and adopted the Referee's findings and conclusions, reasoning that working less than half a day before quitting was not a reasonable effort to preserve employment. Accordingly, the Board ordered the denial of Claimant's benefits, to which she appealed, arguing the Board erred in finding she did not establish a necessitous and compelling reason for leaving. We find the Board did not err.

In her Brief, Claimant argues both that she was never employed to begin with and therefore, could not have quit, and that the Board relied on "hearsay and speculation" to make its decision, constituting "reversible error." (Claimant's Br. at

9.) However, both of these arguments are unavailing. For one, Claimant testified at the Referee hearing that she did voluntarily quit and provided her reason for doing so. (C.R. at 180.) Additionally, the Board did not rely on hearsay as it cites Claimant's own testimony in its reasoning for denying benefits.

The crux of this appeal is whether Claimant had cause of a necessitous and compelling nature to voluntarily separate from her employment. To that point, Claimant argues she did have a necessitous and compelling reason because she made a reasonable effort to preserve her employment by notifying HR and the store manager that she would be unable to work at Employer. While there is testimony from the Referee hearing that Claimant notified HR and the store manager that she was quitting, there is no evidence of her notifying Employer as to **why** she was quitting. (*Id.* at 181.) As we have held, employers must be notified of any grievance so they can attempt to remedy, and here, that requirement was not satisfied. *See Moskovitz v. Unemployment Comp. Bd. of Rev.*, 635 A.2d 723, 724-25 (Pa. Cmwlth. 1993) (holding the claimant should be denied benefits because he did not have a necessitous and compelling reason after failing to notify his employer of dissatisfaction before voluntarily quitting).

Furthermore, although the duration of Claimant's employment was disputed at the Referee hearing, even the longer period given would be insufficient for Employer to remedy the situation. We decided in *Kuncz* that quitting after a one-day effort was not a compelling cause because the claimant did not give it a sufficient attempt. Here, Claimant worked at most for two hours. Regardless of the time discrepancy, Claimant and Brusby both testified that she notified the store manager of her resignation and left immediately thereafter. In addition, Employer offered Claimant other positions, but she declined and/or did not respond. When the

employer attempts to alleviate the problem, a claimant must keep working until or unless the employer's action proves ineffectual. *Yingling v. Unemployment Comp. Bd. of Rev.,* 228 A.3d 289, 301 (Pa. Cmwlth. 2020) (citing *Craighead-Jenkins v. Unemployment Comp. Bd. of Rev.,* 796 A.2d 1031, 1034 (Pa. Cmwlth. 2002)). In the present case, Claimant's brief stint could not be considered sufficiently long enough to prove Employer's actions ineffective because Claimant refused Employer's offer of a new position without ever attempting it.

Lastly, Claimant argued that she needed to quit because of her mental health. In order to establish health problems as a compelling reason to quit, the claimant must (1) offer competent testimony that adequate health reasons existed to justify the voluntary termination, (2) have informed the employer of the health problems and (3) be available to work if reasonable accommodations can be made. *Lee Hosp. v. Unemployment Comp. Bd. of Rev.*, 637 A.2d 695, 698 (Pa. Cmwlth. 1994). Here, the Referee did not find any evidence of Claimant's testimony demonstrating that adequate health reasons existed to justify voluntary termination. This Court has previously held that "constructive notice [] cannot obviate the claimant's duty to inform the employer of a health problem before voluntarily terminating employment." *Id.* at 699. Claimant contends she provided notice because she disclosed her health concerns to Employer during her previous period of employment, and so they should have known this time around. However, Claimant's previous employment with Employer was over three years prior and at a different location. Notice under these circumstances could at the very most be considered constructive. Claimant failed to provide direct notice during the employment period at issue, and therefore, we cannot find Claimant had a necessitous and compelling reason to quit based on medical reasons.

8

## III. CONCLUSION

Accordingly, we affirm the Order of the Board.


_____
RENÉE COHN JUBELIRER, President Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amanda White,                               :
                        Petitioner          :
                                            :
            v.                              :     No. 201 C.D. 2025
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                        Respondent          :

# **O R D E R**

    **NOW**, July 24, 2026, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED**.

 

                              _____

                              RENÉE COHN JUBELIRER, President Judge